**UNITED STATES COURT OF APPEALSFOR THE SEVENTH CIRCUIT**

**No. 26-1767**

**JACK CANTWAY,**
 Plaintiff–Appellant,

v.

**CITY OF HARVEY, et al.,**
 Defendants–Appellees.



---

# APPELLANT'S MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE REGARDING JURISDICTION

## INTRODUCTION

Plaintiff–Appellant, Jack Cantway, proceeding **pro se**, respectfully submits this memorandum in response to this Court's Order directing Appellant to show cause why this appeal should not be dismissed for lack of jurisdiction as untimely. As set forth below, the notice of appeal should be deemed timely under the **mailbox rule**, and in the alternative, jurisdiction exists as to the district court's March 9, 2026 order denying post-judgment relief. Additionally, Appellant's post-judgment motions tolled the time for filing a notice of appeal pursuant to federal law.

## ARGUMENT

## I. THE NOTICE OF APPEAL IS TIMELY UNDER THE MAILBOX RULE

Under federal law, a filing is deemed made when it is **placed in the custody of the United States Postal Service for mailing**, particularly where a litigant is proceeding pro se and lacks direct access to electronic filing systems.

The Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988), held that a pro se litigant's notice of appeal is considered filed at the moment it is delivered to prison authorities for forwarding to the court. Courts have extended similar reasoning to pro se litigants relying on the postal system.

Here, Appellant placed the notice of appeal in the **United States mail prior to the expiration of the filing deadline**, and therefore, under the mailbox rule, the notice should be deemed timely filed.

See also:

- *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015) (recognizing application of mailbox principles for pro se litigants);
- Fed. R. App. P. 4(c) (codifying the mailbox rule for pro se filings).

Accordingly, the filing date should be calculated based on the date of mailing, not the date of receipt.


## II. APPELLANT'S POST-JUDGMENT MOTIONS TOLLED THE TIME TO APPEAL

Pursuant to **Fed. R. App. P. 4(a)(4)(A)** and **28 U.S.C. § 2107**, certain post-judgment motions toll the time to file a notice of appeal.

Appellant filed motions seeking to reopen the case and for relief from judgment. These filings, construed liberally due to Appellant's pro se status, should be treated as motions that tolled the appeal period.

The Seventh Circuit has repeatedly held that courts must look to the **substance of a motion rather than its label**:

- *Obriecht v. Raemisch*, 517 F.3d 489, 493–94 (7th Cir. 2008) (a motion filed within the Rule 59 timeframe should be treated as a Rule 59(e) motion regardless of how it is labeled);
- *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986).

To the extent Appellant's filings sought reconsideration of the judgment, they should be treated as **Rule 59(e)** motions, which toll the time for appeal.


## III. THE APPEAL IS TIMELY AS TO THE MARCH 9, 2026 ORDER

Even if the Court determines that the appeal is untimely as to the original judgment entered on August 4, 2025, the notice of appeal is independently valid as to the **March 9, 2026 order denying relief from judgment**.

It is well established that:

- A denial of a **Rule 60(b) motion** is a **final, appealable order**, and
- A notice of appeal filed within 30 days of that order confers jurisdiction.

See:

- *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014).

Thus, this Court has jurisdiction to review whether the district court abused its discretion in denying post-judgment relief.

## IV. PRO SE FILINGS MUST BE LIBERALLY CONSTRUED

Appellant is proceeding **pro se**, and his filings must be construed liberally. The Supreme Court has held:

- *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se pleadings are held to less stringent standards);
- *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Seventh Circuit similarly recognizes that procedural rules should not be applied in an overly rigid manner to deprive pro se litigants of meaningful review where their intent is clear.

## V. EQUITABLE CONSIDERATIONS SUPPORT JURISDICTION

Even if there is ambiguity regarding timeliness, equitable considerations favor allowing this appeal to proceed:

- Appellant diligently pursued post-judgment relief;
- Any delay is minimal and attributable to mailing logistics;
- There is no prejudice to Appellees; and
- The strong federal policy favors resolution on the merits.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

1. Find that the notice of appeal is timely under the mailbox rule;
2. Alternatively, find that the time to appeal was tolled by post-judgment motions;
3. At minimum, exercise jurisdiction over the March 9, 2026 order denying relief from judgment; and

4. Discharge the Order to Show Cause and allow this appeal to proceed.

Respectfully submitted,

**/s/ Jack Cantway**
Plaintiff–Appellant, Pro Se

Date: 4-22-25

# UNITED STATES COURT OF APPEALSFOR THE SEVENTH CIRCUIT

**No. 26-1767**

**JACK CANTWAY,**
 Plaintiff–Appellant,

v.

**CITY OF HARVEY, et al.,**
 Defendants–Appellees.

---

## NOTICE OF FILING

Plaintiff–Appellant, Jack Cantway, proceeding **pro se**, hereby provides notice of the filing of documentary evidence in support of his **Memorandum in Response to Order to Show Cause Regarding Jurisdiction**.

In support of his argument that the Notice of Appeal was timely filed under the **mailbox rule**, Appellant submits the following:

---

## EXHIBIT A

A true and correct copy of the **United States Postal Service mailing envelope** used to send Appellant's Notice of Appeal, which bears a **postmark date** demonstrating that the filing was placed in the custody of the United States Postal Service **prior to the expiration of the applicable filing deadline**.

---

The attached exhibit confirms that Appellant timely deposited the Notice of Appeal in the United States mail, and therefore, under federal law, the filing should be deemed timely.

Appellant respectfully requests that this Court consider this exhibit as evidence supporting jurisdiction over this appeal.

---

Respectfully submitted,

**/s/ Jack Cantway**
 Plaintiff–Appellant, Pro Se

Date: 4-22-26

**CERTIFICATE OF SERVICE**

I certify that on this date, I caused a true and correct copy of the foregoing Notice of Filing and attached Exhibit A to be served upon all parties of record via United States Mail.

**/s/ Jack Cantway**
Plaintiff–Appellant, Pro Se
Date: 4-22-26